**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **JADEA PRITCHETT,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| **v.** } | **Case No.:  2:24-cv-747-RDP** |
| } | |
| **WESTLAKE PORTIFOLIO** } | |
| **MANAGEMENT, LLC,** } | |
| } | |
| **Defendant.** } | |

## <u>MEMORANDUM OPINION</u>

This case is before the court on Defendant's Motion to Dismiss, filed on October 28, 2024. (Doc. # 17). The Motion (Doc. # 17) has been fully briefed (Docs. # 17, 18)[1] and is now ripe for a decision. For the reasons discussed below, the Motion (Doc. # 17) is due to be granted in part and denied in part.

## I.    Background

This is a case about credit reporting. Specifically, Plaintiff alleges that she could not obtain a car because Westlake Services LLC ("Westlake") furnished inaccurate information to credit reporting agencies indicating that a past-due car loan was under her name when it was not. (Doc. # 11 at 3 ¶ 8, 4 ¶ 20, 6 ¶ 38).

---

[1] The movant, Defendant, has not filed a Reply. According to Exhibit B of the court's Initial Order (Doc. # 3), the movant's reply brief shall be filed no later than five (5) calendar days after the date on which the opponent's responsive brief is filed. (*Id.* at 24). Because the responsive brief was filed on November 7, 2024, the deadline for a reply brief has passed. The court also reminded Defendant of this fact on December 5, 2024 when it directed Defendant to file any reply brief on or before December 11, 2024. (Doc. # 19). Because Defendant did not do so, the court proceeds as if the Motion (Doc. # 17) had been fully briefed.

Plaintiff's Complaint alleges that Plaintiff discovered inaccurate information on her credit report "[o]n or around" February 26, 2022. (*Id.* at 3 ¶¶ 12-13). The Complaint further alleges that Plaintiff mailed dispute letters to the major credit reporting agencies "[o]n or around April 15, 2022." (*Id.* at 3 ¶ 14). The information was then forwarded to Westlake, and according to Plaintiff's Complaint, Experian concluded an investigation of Plaintiff's dispute on or around May 23, 2022, forwarding a copy of the dispute results to Plaintiff around that same date. (*Id.* at 4 ¶ 17, 5 ¶¶ 29-30). The Complaint notes that Plaintiff's Experian credit report still reported false information connected to the Westlake account on or around December 26, 2022. (*Id.* at 6 ¶ 37). Plaintiff's mother assisted her in filing disputes with the Consumer Financial Protection Bureau on or around February 8, 2023. (*Id.* at 6 ¶ 42). Plaintiff's Complaint then asserts that at some unspecified date, she disputed with Westlake directly (*id.* at 7 ¶ 46), and on or around May 19, 2023, Defendant informed Plaintiff that her account was "no longer reporting on your Social Security Number to the credit reporting agencies." (*Id.* at 7 ¶ 47).

Plaintiff filed her original complaint in the Circuit Court of Jefferson County, Alabama on May 7, 2024. (Doc. # 1-1 at 2-13). On June 10, 2024, Defendant removed the case to this court. (Doc. # 1). Plaintiff has since amended her Complaint. (Doc. # 11).

Plaintiff's Amended Complaint contains four claims, each of which arise under the federal Fair Credit Reporting Act (the "FCRA"). (Doc. # 11 at 12-20). These claims include Count I (negligent noncompliance with FCRA § 1681s-2(b)), Count II (willful noncompliance with FCRA § 1681s-2(b)), Count III (negligent noncompliance with FCRA § 1681b), and Count IV (willful noncompliance with FCRA § 1681b). In Plaintiff's Response to Defendant's Motion to Dismiss, she voluntarily agrees to dismissal of Counts III and IV, so those claims are due to be dismissed without further analysis.

2

## II.  Legal Standard

The Federal Rules of Civil Procedure require that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not satisfy Rule 8, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Id.* at 555, 557.

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A plausible claim for relief requires a plaintiff to allege "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007). In addition, "a court should 1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 138 (11th Cir. 2011) (per curiam)

(citations and internal quotation marks omitted). This is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If the court determines that "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the claims are due to be dismissed. *Id.* at 570.

## III.   Analysis

The FCRA was enacted "to protect consumers from unfair reporting methods while also ensuring that the credit system would retain the accuracy required by the banking system to efficiently allocate credit." *Milgram v. Chase Bank USA, N.A.*, 72 F.4th 1212, 1217 (11th Cir. 2023) (citing 15 U.S.C. § 1681). The statute distinguishes between "consumer reporting agencies" (an organization that assembles credit reports, such as Equifax, Experian, or TransUnion) and "furnishers" (organizations that give consumer information to reporting agencies, such as a bank). 15 U.S.C. § 1681a(f); *see also Milgram*, 72 F.4th at 1217. The FCRA imposes a duty on furnishers not to furnish to a reporting agency information about a consumer if the furnisher "knows or has reasonable cause to believe" that the information is inaccurate. 15 U.S.C. § 1681s-2(a)(1)(A); *see also Milgram*, 72 F.4th at 1217. Consumers can dispute the accuracy of the information in their credit report (1) directly with the furnisher or (2) indirectly with the credit reporting agency, who will then forward the dispute to the furnisher. 15 U.S.C. § 1681s-2(a)(8); 12 C.F.R. § 1022.43 (regulations related to direct disputes); 15 U.S.C. § 1681i(a)(2) (statute related to indirect disputes); *see also Milgram*, 72 F.4th at 1217-18. Once a furnisher receives an indirect dispute, they must conduct a "reasonable investigation" into the information's accuracy. 15 U.S.C. § 1681s-2(b); *Hinkle v. Midland Credit Mgmt., Inc.*, 827 F.3d 1295, 1301-02 (11th Cir. 2016); *see also Milgram*, 72 F.4th at 1218.

Defendant's Motion argues that Counts I and II are barred by the two-year statute of limitations. (Doc. # 17 at 1-4); *see also* 15 U.S.C. § 1681p. As to Counts I and II, Plaintiff's Complaint alleges that Plaintiff discovered the allegedly inaccurate information on her credit report "[o]n or around" February 26, 2022. (Doc. # 11 at 3 ¶¶ 12-13). The Complaint further alleges that Plaintiff mailed dispute letters to the major credit reporting agencies "[o]n or around April 15, 2022." (*Id.* at 3 ¶ 14). The information was then forwarded to Westlake, and according to Plaintiff's Complaint, Experian concluded an investigation of Plaintiff's dispute on or around May 23, 2022, and forwarded a copy of the dispute results to Plaintiff on or around that same date. (*Id.* at 4 ¶ 17, 5 ¶¶ 29-30). A consumer must bring an FCRA claim within "2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability." 15 U.S.C. § 1681p(1).

Here, the violation Plaintiff alleges as the basis for Defendant's FCRA liability is the failure to conduct a "reasonable investigation" into the information's accuracy. (Doc. # 11 at 12 ¶ 93, 15 ¶ 10); *see also* 15 U.S.C. § 1681s-2(b). In *Milgram*, which considered the timeliness of a § 1681s-2(b) claim after an indirect dispute was filed, the Eleventh Circuit highlighted that "the violation that triggers liability isn't the dispute, it is the unreasonable investigation." *Milgram*, 72 F.4th 1212, 1219 (11th Cir. 2023) (citing *Felts v. Wells Fargo Bank, N.A.*, 893 F.3d 1305, 1312 (11th Cir. 2018)). Plaintiff discovered this alleged violation "on or around" May 23, 2022. (Doc. # 11 at 5 ¶ 30). Because Plaintiff filed her Complaint on May 7, 2024, which was within two years of her discovery of this alleged violation, her FCRA claims are timely. (Doc. # 1-1 at 2-13).

Defendant's arguments to the contrary are unavailing. Defendant misinterprets *Milgram* by arguing that the Eleventh Circuit in *Milgram* affirmed the district court's ruling without consideration of notice to the customer. This assertion misses the mark because the Eleventh Circuit directly referenced notice. Indeed, it quoted directly from the statutory language, which

requires that consumers file FRCA claims by "2 years after the *date of discovery* by the plaintiff of the violation that is the basis for such liability." *Milgram*, 72 F.4th at 1219 (quoting 15 U.S.C. § 1681p(1)) (emphasis added). The reasonable meaning of "discovery by the plaintiff" is that the plaintiff has notice of the violation. Thus, Plaintiff's discovery on or around May 23, 2022 of Defendant's alleged violation is enough to trigger the FCRA's two-year statute of limitations as of that date.[2]

Further, Plaintiff correctly highlights that although Defendant did not cite any case law that agreed with its interpretation of *Milgram*, there are several sister circuit cases that indicate that the date that triggers the statute of limitations is the date on which a plaintiff discovers that an investigation was unreasonable. (*See* Doc. # 18 at 6-10 (citing, inter alia, *Drew v. Equifax Inf. Servs., LLC*, 690 F.3d 1100, 1110 (9th Cir. 2012) (describing timeliness as connected with a furnisher's duty to investigate), *Mavilla v. Absolute Collection Servs., Inc.*, 539 Fed. App'x 202, 208 (4th Cir. 2013) ("the statute precisely requires that the 30 day period for investigation have expired for [the furnisher] to have breached any duty which would give rise to the [consumer's] private right of action under this section of the law"))). There are also persuasive in-circuit district court opinions that reinforce Plaintiff's interpretation of *Milgram*. *See, e.g.*, *Dorsey v. Trans Union, LLC*, 2024 WL 1914354, at *5 (N.D. Ala. May 1, 2024) (describing *Milgram* as holding "that each time a furnisher fails to conduct a reasonable investigation constitutes a new violation under the FCRA, triggering a new statute of limitations period") (citing *Milgram*, 72 F.4th at 1219). Coupled with a plain reading of the FCRA statutory language as well as binding Eleventh

---

[2] Defendant separately argues that a dispute with which Plaintiff's mother assisted in December 2022 did not save any of her untimely claims because "there is no private cause of action for a consumer to challenge a furnisher's investigation in response to a direct dispute." (Doc. # 17 at 4 (citing 15 U.S.C. § 1681s-2(b))). Because this relates to Defendant's argument about timeliness, and the court resolves timeliness on a different basis, any analysis of this argument would be dicta. Therefore, the court does not address this alternate argument.

Circuit authority in *Milgram*, the court concludes the two-year statute of limitations under the FCRA is triggered by Plaintiff's discovery of the violation. As to Counts I and II, the violation is the allegedly unreasonable investigation. Plaintiff alleges she discovered this on May 23, 2022, (*id.* at 5 ¶ 30), meaning that she must have filed her Complaint on or before May 23, 2024, which she did.

For these reasons, the Motion to Dismiss is due to be denied as to Counts I and II.

## IV.    Conclusion

For the reasons discussed above, the Motion to Dismiss (Doc. # 17) is due to be granted in part and denied in part. Based on Plaintiff's voluntary surrender of the claims in Counts III and IV, those claims are due to be dismissed without prejudice. But, the motion is due to be denied with respect to the claims in Counts I and II.

This case will proceed on Counts I and II.

**DONE** and **ORDERED** this December 17, 2024.

**R. DAVID PROCTOR**
CHIEF U.S. DISTRICT JUDGE